The Full Commission has reviewed the Decision and Order based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. Plaintiff argues that defendant breached its duty of care to the plaintiff and that the breach of that duty proximately caused plaintiff's injuries. Plaintiff contends that there is ample evidence to support a finding that defendant was on notice of a potential hazard in that agents of the defendant routinely patrolled and looked for raised nails. However, after careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the Order. Therefore, the March 2, 1994 Decision and Order is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following which was entered into by the parties as a
STIPULATION
The parties stipulated 27 pages of medical reports and records for the plaintiff in this matter into the record.
* * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On Saturday, November 9, 1991, at 11:00 a.m., the plaintiff was on the bathhouse boardwalk at Fort Macon State Park, located in Atlantic Beach, North Carolina, with several of her sisters and in-laws. They were there to check on the conditions for fishing, a longtime hobby of the plaintiff. The boardwalk was wet from rain and the plaintiff had a rainsuit on.
2. The plaintiff testified she was familiar with piers and fishing/ocean environments, having fished most of her life. She further testified there was nothing present in the environment or physically that would have prevented her from viewing her path of travel upon the boardwalk.
3. After the plaintiff and her group walked down the boardwalk to the beach, they returned to the boardwalk and proceeded toward the bathhouse on the right-hand side of the boardwalk. As the plaintiff was proceeding on the boardwalk, she tripped over what she alleged was a protruding nail on the right-hand side of the boardwalk. Several of her group had just walked over the nail area prior to the plaintiff's tripping. The plaintiff testified she lost her balance and stumbled 8 to 10 steps before falling on her elbow. Said fall resulted in serious injury to the elbow.
4. The plaintiff's sister, Edith Fields, testified as to plaintiff's falling and stated that the nail in question was an inch high. Mrs. Fields returned to the park on Sunday and spoke with a Fort Macon Park employee who nailed down the nail alleged by Mrs. Fields to be the one that caused the accident. Mrs. Fields testified that she did not contact any park employee on Saturday to report the serious fall of her sister nor did she indicate to the park employee on Sunday anything more than just that her sister had fallen and was hurt as a result of the fall. There was nothing to prevent Mrs. Fields or any of the plaintiff's companions from reporting to the ranger on duty on the date of the accident what happened to the plaintiff in specific detail.
5. James Murphy, the park attendant with whom Mrs. Fields spoke on the day following plaintiff's fall, testified that he saw the plaintiff's family late Sunday morning on the boardwalk. Plaintiff's family were looking down, shuffling their feet, appearing to search the surface of the boardwalk. Mrs. Fields informed him of the plaintiff's fall and pointed out a nail alleged to have caused the fall. According to Mr. Murphy, the nail was a little less than one-quarter inch high, and the nail was hammered down by Mr. Murphy.
6. Mr. Murphy testified that it was his work routine to visit and walk down the bathhouse boardwalk about three times a day, and if he saw a protruding nail on these walks, he would nail it down. Prior to the plaintiff's fall, he had not noticed any protruding nails on the boardwalk and, in fact, had not seen one for a "good two or three months before." Mr. Murphy did not have knowledge of any other person in the past falling as a result of tripping over a nail at Fort Macon State Park.
7. Jody Merritt, the superintendent at Fort Macon State Park testified and, in addition, an earlier January 18, 1993 deposition of Mr. Merritt was introduced into evidence. Mr. Merritt testified that the opening routine of the park was that the ranger on duty would unlock the bathhouse and walk down the boardwalk early in the morning. Mr. Merritt was not working the weekend of the accident and learned of the accident by correspondence. In his eleven to twelve years of working at Fort Macon and over 10 million visitors to the park, Superintendent Merritt was only aware of the plaintiff's falling over a protruding nail. He specifically recalled no other incident where a visitor to the park had fallen as a result of a protruding nail. Superintendent Merritt testified that park workers look for unsafe conditions; and if such conditions were noticed they would report or correct them. In the case of the protruding nails, the workers would nail them back down. Superintendent Merritt further testified that he had opened the park during those days and had not noticed any protruding nails on the bathhouse boardwalk prior to the accident. He specifically testified that he had not noticed any protruding nails on the bathhouse boardwalk for several weeks before the plaintiff's fall.
8. Randy Newman was the ranger in charge at Fort Macon State Park on Saturday, November 9, 1991. According to his long-standing routine, when he opened the park he unlocked the bathhouse and walked down the boardwalk. During his early morning inspection of the boardwalk, Newman looked for unsafe conditions such as anything protruding from the boardwalk.
9. There was no evidence directly or indirectly which would indicate that the defendant or any of its employees or agents had notice, either directly or implied, of any protruding nail located on the bathhouse boardwalk prior to the plaintiff's fall.
10. The defendant had in place a means of reasonable inspection of the bathhouse early in the morning and walking down this boardwalk looking for unsafe conditions. It was not necessary for the defendant to have written procedures as to nail checking in effect in view of the fact of the firmly established opening routine by the rangers and the lack of any reported accidents to the defendant caused by protruding nails other than that of the plaintiff. The defendant conducted reasonable inspections for protruding nails as evidenced by only the plaintiff's reported fall in the context of 10,000,000 visitors during the tenure of park Superintendent Merritt.
11. There is conflicting evidence as to the height of the nail that allegedly caused the plaintiff's injury. If the nail was an inch high as indicated by the plaintiff, then the plaintiff herself was negligent in failing to observe the nail prior to her fall. If the plaintiff contends the nail should have been noticeable to the defendant and his agents, said nail also should have been equally noticeable to the plaintiff. If one accepts the evidence of the defendant and his agents, said nail also should have been equally noticeable to the plaintiff. If one accepts the evidence of the defendant that the nail in question was less than 1/4-inch high, then the undersigned would find that it normally would not have been noticeable to the defendant or any of its employees or to any other reasonable person who would have proceeded down the boardwalk. That this fact, with the uncontested evidence of lack of notice upon the part of the defendant and all its employees, would combine in the finding that not only did the defendant not know of the protruding nail but should not have known of the nail under ordinary circumstances. Regardless, that at the time of her fall, the plaintiff had equal or superior knowledge of the existence of the protruding nail as opposed to the knowledge had by the defendant and its employees. Based upon the plaintiff's equal and superior knowledge of the nail, it is reasonable to conclude that the plaintiff was negligent in failing to notice the nail and falling over the same.
12. The defendant and its employees and agents kept the boardwalk at Fort Macon State Park bathhouse in a reasonably safe condition and had no knowledge of the protruding nail which caused the injury of the plaintiff and, thus, were under no duty to warn the plaintiff of such nail at the time of her fall. In the absence of any prior falls due to protruding nails, it was not necessary for the defendant to have placed at the boardwalk any warning signs as to protruding nails. Specifically, there was no evidence in this matter to establish with any certainty the length of time the nail had protruded such as to make a reasonable determination if there was constructive notice of such nail. Therefore, the defendant did not have constructive notice of the existence of the protruding nail.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that the defendant and/or its employees or agents were negligent in not ascertaining the existence of a protruding nail at the Fort Macon bathhouse boardwalk on November 9, 1991.
2. The defendant and its agents and employees made reasonable inspection to discover hidden or unsafe conditions on the bathhouse boardwalk on November 9, 1991, and prior to that time had established reasonable inspection routine for such unsafe conditions for a substantial time prior to and including the date of the accident herein.
3. The plaintiff was contributorily negligent in this matter in failing to observe the nail she tripped over, and such negligence hereby bars her claim against the defendant herein. The plaintiff's negligence was the proximate cause of the accident and her resulting injuries.
4. The defendant had no direct, implied, or constructive knowledge of the existence of the protruding nail that caused the plaintiff's injury and is, therefore, not liable for its existence. The duty owed the plaintiff in this matter by the defendant was not violated in that the defendant had no knowledge to give warning of any protruding nail the plaintiff, said nail being plainly visible to the plaintiff. Specifically, the plaintiff had equal or superior knowledge of the nail. The defendant is not an insurer of the plaintiff's safety, and acted in a reasonable and prudent manner regarding insuring the safety of its visitors utilizing the Fort Macon State Park bathhouse boardwalk.
* * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
ORDER
1. Plaintiff's claim is hereby denied based upon the lack of negligence upon the part of the defendant and the active contributory negligence of the plaintiff.
2. Each side shall pay its own costs.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ _________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ _____________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 3/9/95